IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIE V. AGUINALDO and MELINDA AGUINALDO, <br><br> Plaintiffs, <br><br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, A NATIONAL BANKING ASSOCIATION; DEREK W.C. WONG; ROUTH CRABTREE OLSEN, P.S.; and DOE DEFENDANTS 1-50, <br><br> Defendants. | CIV. NO. 14-00388 DKW-BMK <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND**

Before the Court is Plaintiffs Willie V. Aguinaldo and Melinda Aguinaldo's (collectively "Plaintiffs") Motion for Order of Remand, filed on September 26, 2014 ("Motion"). (Doc. 8.) Plaintiffs seek an order remanding this case to the Circuit Court of the First Circuit, State of Hawaii ("State Court") and an award of attorneys' fees and costs. (Id.) On October 22, 2014, Defendant Deutsche Bank National Trust Company ("Deutsche") filed a Memorandum in Opposition to Plaintiffs' Motion, and on October 29, 2014, Plaintiffs filed their Reply. (Docs. 15, 17.)

This matter came on for hearing on November 10, 2014. (Doc. 19.) Attorney James J. Bickerton appeared on behalf of Plaintiffs, and Attorney Sharon V. Lovejoy appeared on behalf of Defendant Deutsche. Upon careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, I find and recommend that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## FACTUAL BACKGROUND

Plaintiffs were the owners of fee simple property in Honolulu, Hawaii ("Property"), which they had acquired via warranty deed. (Doc. 8-2 at ¶ 19.) On or about June 29, 2006, Plaintiffs executed a mortgage in favor of New Century Mortgage Corporation ("New Century"), to be recorded against their Property ("Mortgage") as security for Plaintiffs' performance under an unrecorded promissory note in the amount of $589,500.00 ("Note"). (Doc. 8-2 at ¶ 20.) The Mortgage contained a "power of sale" clause, which granted New Century the right to sell the Property upon Plaintiffs' default on the Mortgage. (Doc. 8-2 at ¶ 21.)

After Plaintiffs defaulted on the Mortgage, in 2009 and 2010, Deutsche sought to exercise its power of sale remedy, purporting to be the assignee of the Mortgage. (Doc. 8-2 at ¶ 22.) Pursuant to the power of sale, Deutsche

commenced foreclosure proceedings against Plaintiffs and their Property under Hawaii Revised Statutes ("HRS") §§ 667-5 et seq., (Doc. 8-2 at ¶ 25), which obligated Deutsche to act through a licensed Hawaii attorney when satisfying the statute's notice provisions and the mortgage's power of sale requirements.  See HRS § 667-5(a) (Supp. 2008).[1]  Deutsche retained Defendant Derek W.C. Wong ("Wong") and Routh Crabtree Olsen, P.S. ("RCO") to represent the bank in foreclosing on Plaintiffs' mortgage.  (Doc. 8-2 at ¶ 26.)

In December 2009, Wong signed and recorded a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" ("Notice of Sale"), which advertised that Deutsche would sell Plaintiffs' home at a public auction, and stated the place, date, time, and terms of sale.  (Doc. 8-2 at ¶¶ 26-27, 29-31.)  An auction of the Property was subsequently held, at which Defendants accepted a bid of $562,800.  (Doc. 8-2 at ¶ 43.)  Following the auction, RCO prepared a "Limited Warranty Deed," which was executed by Deutsche on or about April 8, 2010. (Doc. 8-2 at ¶ 45-46.)  The execution of the deed was contrary to the originally posted terms of sale.  (See Doc. 8-2 at ¶¶ 33-34, 38, 45-46.)

---

[1] HRS § 667-5(a) provides, in relevant part,

> When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State.

On April 7, 2014, Plaintiffs filed their Complaint in State Court. (See Doc. 8-2.) Plaintiffs alleged that Defendants Deutsche, Wong, and RCO (collectively "Defendants") committed or participated in numerous unfair and deceptive acts and practices when foreclosing on their mortgage. (See Doc. 8-2, Doc. 8 at 8.) The Complaint alleges the following claims: (1) Wrongful, Unfair and/or Deceptive Exercise of the Power of Sale in Violation of HRS Chapter 667,[2] and HRS Chapter 480;[3] and (2) Wrongful Foreclosure and Unfair and/or Deceptive Acts or Practices in Violation of HRS Chapter 667 Part I and HRS Chapter 480, for Defendants' use of a false Assignment of Mortgage instrument to foreclose on Plaintiffs' Property. More specifically, the complaint alleges that Defendants "breached their duties to comply strictly with the terms of the power of sale, to act in good faith to sell the properties to Plaintiffs' best advantage, and to use reasonable diligence to secure the best possible price," by adopting foreclosure policies and practices designed to deter public participation and "chill" bid prices at Plaintiffs' non-judicial auction. (Doc. 8-2 at 5, ¶ 16) Plaintiffs assert that the sale procedures implemented by Defendants violated the requirements of HRS Chapter 667 and constitute unfair and deceptive acts or practices under HRS Chapter 480. (Doc. 8-2

---

[2] HRS Chapter 667 Part I, as it existed during all times relevant to this case, governed judicial and nonjudicial mortgage foreclosures. See HRS Chapter 667 (1993 & Supp. 2008). HRS §§ 667-5 through 667-10 specifically governed Hawaii's nonjudicial foreclosures. See HRS §§ 667-5 through 667-10 (1993 & Supp. 2008).
[3] HRS Chapter 480 et seq., is Hawaii's Unfair and Deceptive Acts or Practices statute ("UDAP").

at 27, ¶¶ 87-88.) Plaintiffs sought a judgment against Defendants, jointly and severally, and an award of damages and attorneys' fees and costs. (Doc. 8-2 at 28.)

On August 29, 2014, Deutsche filed a Notice of Removal to this Court. (Doc. 1.) Deutsche argued that removal was proper pursuant to 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Specifically, Deutsche argues that the case is properly removed to this Court pursuant to 28 U.S.C. § 1332, governing this Court's diversity jurisdiction,[4] and 28 U.S.C. § 1331, governing this Court's federal question jurisdiction.[5] (Doc. 1 at 3, ¶ 5.)

Deutsche first alleges that removal is proper because there is complete diversity between the Plaintiffs and Defendant Deutsche, and the amount in controversy exceeds $75,000. (Doc. 1 at 7, ¶ 17.) Deutsche contends that Plaintiffs fraudulently joined Defendants Wong and RCO in order to defeat removal. (Doc. 1 at 5, ¶ 13.) In support of this contention, Deutsche argues that under

---

[4] 28 U.S.C. § 1332, which governs the court's diversity jurisdiction, provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).
[5] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Hawaii law, "an attorney is not liable to a third person who is not a client for actions arising out of that attorney's professional relationship with its actual client, absent exceptional circumstances," and having failed to allege any exceptional circumstances, "Plaintiffs fail to state a claim against [Wong and RCO]." (Doc. 1 at 5, ¶ 14.)

Deutsche also alleges that removal is proper based on this Court's federal question jurisdiction because Plaintiffs allege violations of federal bankruptcy law by claiming that Deutsche failed to validly acquire its interest in Plaintiffs' Property. (Doc. 1 at 7-8, ¶ 18.) It appears from the docket that neither Wong nor RCO joined in Deutsche's Notice of Removal.

## LEGAL STANDARND

"Removal jurisdiction is statutory and strictly construed." Petrop v. Lassen Art Publ'ns, Inc., 939 F. Supp. 742, 744 (D. Haw. 1995) (citations and internal quotation marks omitted). When a case is removed to federal court, "there is a strong presumption against federal court jurisdiction." Lovell v. Bad Ass Coffee Co. of Hawaii, 103 F. Supp. 2d 1233, 1236 (D. Haw. 2000). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Id. (citations and internal quotation marks omitted). Further, "[t]he burden of

establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Id. at 1236-37 (citations and internal quotation marks omitted). Moreover, "any doubts as to the right of removal must be resolved in favor of remanding to state court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (internal quotation marks omitted).

## DISCUSSION

### I. Diversity Jurisdiction

Plaintiffs are residents and citizens of the State of Hawaii. (Doc. 8-2 at 2, ¶¶ 3-4.) Deutsche is a national banking association with its principal place of business in the State of California, (Doc. 8-2 at 2, ¶ 5; Doc. 1 at 3-4, ¶ 9), and is therefore considered a citizen of California for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c). Defendant Wong, however, is a resident and citizen of the State of Hawaii, (Doc. 8-2 at 3, ¶ 6), and therefore, absent Wong's fraudulent joinder in this case, diversity jurisdiction is lacking unless Wong was fraudulently joined. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). For the reasons discussed below, the Court finds that Defendants Wong and RCO were not fraudulently joined, and therefore, this

7

Court does not have diversity jurisdiction over this case.[6]

### a. Legal Standard for Fraudulent Joinder

Federal district courts have original jurisdiction over cases between citizens of different states. See 28 U.S.C. § 1332(a). A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See 28 U.S.C. § 1441(a), (b). Complete diversity of citizenship requires that each of the plaintiffs must be a citizen of a different state than each of the defendants. Morris, 236 F.3d at 1067 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

One exception to the requirement of complete diversity "is where a non-diverse defendant has been 'fraudulently joined.'" Morris, 236 F.3d at 1067 (internal quotation marks omitted). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, **and** the failure is obvious according to the settled rules of the state." Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). Thus, in evaluating the issue of fraudulent joinder, "the

---

[6] It is not clear from Plaintiffs' Complaint whether RCO is alleged to be a citizen of the State of Hawaii. Plaintiffs merely indicate that RCO is "a Washington professional service corporation that provides legal representation to foreclosing mortgagees in the States of Alaska, Arizona, California, Hawai'i, Idaho, Nevada, Oregon, and Washington." (Doc. 8-2 at 3, ¶ 7.) Nevertheless, this Court finds that Wong and RCO were not fraudulently joined, and therefore, for purposes of the instant Motion, Wong's citizenship and proper joinder is sufficient to defeat diversity jurisdiction.

8

court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Cnty. of Hawai'i v. Unidev, LLC, Civ. No. 09-00368 ACK-LEK, 2010 WL 520696, at *4 (D. Haw. Feb. 11, 2010) (citation and brackets omitted). The removing defendant must show that there is "no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court," and "all uncertainties in the controlling state law must be resolved in favor of the plaintiff." Coastal Constr. Co. v. N. Am. Specialty Ins. Co., Civ. No. 10-00206 DAE-BMK, 2010 WL 2816694, at *4 (D. Haw. July 14, 2010) (internal quotation marks, brackets, and citations omitted). Hence, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007).

"Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Where a defendant removes a case based on fraudulent joinder, that defendant "bears the burden of proving the propriety of removal, including

jurisdiction," and also, "has the burden of demonstrating the failure [of the plaintiff to state a cause of action against the resident defendant according to the settled law of the state]." Lovell, 103 F. Supp. 2d at 1236-37 (citations omitted). Thus, a defendant asserting fraudulent joinder bears the heavy burden of overcoming both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted). Based on the following, I find that Deutsche is unable to meet this high burden.

### b. Analysis

In their Complaint, Plaintiffs allege that Defendants Wong and RCO engaged in unfair and deceptive acts or practices in representing Deutsche in the foreclosure of their Property. (See Doc. 8-2.) Deutsche asserts that Wong and RCO are "sham defendants" and should be disregarded for purposes of the diversity jurisdiction analysis because they were fraudulently joined. (Doc. 15 at 5.) As noted above, fraudulent joinder can only be found where the plaintiff's failure to state a claim "is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067. Thus, to determine whether a non-diverse defendant was fraudulently joined, the Court must be guided by Hawaii law. See Lovell, 103 F. Supp. 2d at 1237 ("This court examines whether Plaintiffs have failed to state a claim against the

resident defendants . . . under the settled law of Hawaii.").

The authorities cited to the Court do not demonstrate that Plaintiffs obviously cannot assert their UDAP claim against Wong and RCO under state law. To the contrary, I find there is no settled rule regarding UDAP claims against a foreclosing mortgagee's attorney. The Hawaii Supreme Court has not yet considered whether a foreclosing mortgagee's attorney can be held liable under HRS Chapters 667 and 480 for allegedly unfair and deceptive acts during the nonjudicial foreclosure process. Although Deutsche asserts that this Court can "reasonably determine" the result the Hawaii Supreme Court would reach if it were deciding the case in the absence of apparently settled law on the issues raised by Plaintiffs' claims, (Doc. 15 at 6-7), recent actions in our district and in the Hawaii Supreme Court counsel against taking such an approach.

In Lima v. Deutsche Bank National Trust Co., Civ. No. 12-00509 SOM-RLP, the Court declined to address plaintiffs' claims regarding whether a foreclosing mortgagee's attorney may be liable for violations of HRS § 667-5 and whether plaintiffs were "consumers" of that attorney's services under HRS § 480-2, having found that no violation of HRS § 667-5 had occurred. See Lima, ECF No. 115 at 14. Nevertheless, in ruling upon a Federal Rules of Civil Procedure ("FRCP") Rule 11 motion for sanctions filed in that case, Chief Judge Susan Oki

Mollway determined, without opining on the underlying merits of the claims, that plaintiffs' claims were not frivolous or improper for the purpose of awarding sanctions.  Id. at 14-15.  Chief Judge Mollway further noted that plaintiff's argument that HRS sections 667-5 and 480-2 created special statutory duties for lawyers administering the sale of foreclosed property is not "so implausible as to be baseless."  Id. at 15-16.  The plaintiffs in Gibo v. U.S. National Bank Ass'n, Civ. No. 12-514 SOM-RLP, and Bald v. Wells Fargo Bank, N.A., Civ. No. 13-135 SOM-KSC, advanced identical arguments as those raised in Lima, and in ruling on FRCP Rule 11 motions for sanctions filed in those cases, Chief Judge Mollway similarly determined that plaintiff's claims were not implausible or baseless.  See Gibo, ECF No. 144 at 14-16; Bald, ECF No. 66 at 11.  Notices of Appeal to the Ninth Circuit Court of Appeals were filed in Lima, Gibo, and Bald, and all three cases are currently pending before that court.  See Lima, ECF No. 116; Gibo, ECF No. 145; Bald, ECF No. 68.

In October 2013, District Judge Derrick K. Watson implicitly recognized that the question of a foreclosing mortgagee's attorney's liability for UDAP claims remains unsettled and may turn on the outcome of the appeals filed in Lima, Gibo, and Bald.  In Degamo v. Bank of America, N.A., Civ. No. 13-00141DKW-BMK, and Ilar v. Routh Crabtree Olsen, P.S., Civ. No. 13-00145

12

DKW-BMK, Judge Watson issued a "Court Order Staying Cases", ordering that "in light of the similar legal issues raised in the instant cases and the pending appeals [in Lima, Gibo, and Bald], the Court hereby STAYS the instant cases pending the disposition of the pending appeals."[7]  See Degamo, ECF No. 50; Ilar, ECF No. 51.

On August 29, 2014, the Hawaii Supreme Court granted applications for transfer in Sigwart v. The Law Office of David B. Rosen, SCAP-13-0005253, and Hungate v. The Law Office of David B. Rosen, SCAP-13-0005234.  (Docs. 8-8, 8-9.)  Both of these cases present the same question, that is, "whether an attorney, who carries out his client's trade or commerce in an un-refereed nonjudicial sale, advertises a consumer's home to the public pursuant to a power granted by the consumer, and ultimately sells the home to his own client, can be sued by the consumer if his acts are 'unfair' or 'deceptive' within the meaning of HRS Chapter 480."  (Doc. 8-10 at 11; Doc. 8-11 at 12.)  HRS § 602-58 provides, in relevant part, that the Hawaii Supreme Court must grant an application to transfer in cases involving "[a] question of imperative or fundamental public importance," and that it may grant an application to transfer in cases involving "[a] question of first impression or a novel legal question."  HRS § 602-58(a), (b).  Thus, based on the Hawaii Supreme Court's acceptance of the applications of transfer in these cases, it

---

[7] Judge Watson also adopted the recommendations of Magistrate Judge Richard L. Puglisi in Fergerstrom v. PNC Bank, N.A., ordering a stay pending disposition of the Gibo, Lima, and Bald appeals, due to "the similar factual and legal issues raised" in Fergerstrom and the pending appeals.  See ECF No. 56 at 18-19, ECF No. 59 at 13.

13

can safely be assumed that one or both of these criteria were satisfied.

In sum, due to the potential for Plaintiffs' claims to survive, in light of the appellate review currently taking place at both the federal and state court levels, and the plausibility of Plaintiffs' claims, I find that Defendants Wong and RCO have not been fraudulently joined. Deutsche has failed to meet its burden of demonstrating that there is "no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." Coastal Const. Co., 2010 WL 2816694, at *4 (internal quotation mark and brackets omitted). Further, because the controlling state law on this issue is not settled, the issue of whether to remand must be resolved in favor of Plaintiffs. Id. at *4 ("[A]ll uncertainties in the controlling state law must be resolved in favor of plaintiffs."); see also Kalawe v. KFC Nat'l Mgmt. Co., Civ. No. 90-779 ACK, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) ("If there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendant(s) on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts."). Consequently, because the heavy burden of establishing fraudulent joinder falls on Defendants, and because Defendants have not satisfied that burden, the Court cannot find that Plaintiffs

fraudulently named Wong and RCO in this action, much less did so for purposes of defeating diversity. Absent fraudulent joinder, I find that the Court does not have diversity jurisdiction over this action.

## II. Federal Question Jurisdiction

A district court without diversity jurisdiction must remand a case unless it raises a federal question. See 28 U.S.C. §§ 1441, 1447(c). Therefore, this Court next analyzes whether this case raises a federal question sufficient to confer subject matter jurisdiction on the Court.

### a. Standard

Under section 1441(c), a federal court has federal question jurisdiction if a federal claim is alleged in the Complaint. 28 U.S.C. § 1441(c). In scrutinizing a complaint to see if it raises a federal question, the court applies the "well-pleaded complaint rule," which provides that "a federal question must appear on the face of a properly removed complaint." Lovell, 103 F. Supp. 2d at 1238 (citations omitted). A state law cause of action invokes federal question jurisdiction only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Furthermore, "[a] defense

based on federal law is not sufficient to give rise to federal jurisdiction." <u>Lovell</u>, 103 F. Supp. 2d at 1238 (citation omitted).

    **b. Analysis**

        Although Plaintiffs' Complaint appears to allege purely state law claims, Defendants argue that the Court would be required to construe federal bankruptcy law. (Doc. 15 at 25.) Deutsche refers specifically to Plaintiffs' "Assignment Claim," which alleges that Defendants had no right to foreclose upon Plaintiffs' Property non-judicially because Deutsche "had not received a valid assignment of any instrument that made it the mortgagee or the successor to the mortgagee entitled to foreclose." (Doc. 8-2 at 5, ¶ 15.) Essentially, Deutsche argues that Plaintiffs' assignment claim confers federal question jurisdiction on this Court because Plaintiffs challenge the validity of Deutsche's assignment under both Hawaii law and federal bankruptcy law. (Doc. 15 at 25.) Deutsche further contends that Plaintiffs' state law theory "fails on its face," thereby making the bankruptcy law based challenge to the assignment a "necessary element" of Plaintiffs' claims against Deutsche for UDAP violations and wrongful foreclosure. (<u>Id.</u>)

        As Plaintiffs clarify, their false assignment claim is "not an attack on securitization . . . nor is it based on Deutsche's Trust's power to receive assets after

16

the Trust's closing date," but instead rests on "black-letter law," which provides that "an assignment divests the assignor of the rights assigned," and "once an assignor has assigned his interest, he cannot re-assign it." (Doc. 17 at 16-17.) In their Complaint, Plaintiffs allege that their Mortgage was transferred from the original mortgagee to NC Capital Corporation in 2006 or early 2007. (Doc. 8-2 at 22, ¶ 69.) NC Capital Corporation in turn sold and/or transferred Plaintiffs' Mortgage and Note to another entity, which was not Deutsche; however, no document recording these transfers were ever recorded or provided to Plaintiffs. (Id.) In April 2007, after New Century and NC Capital Corporation completed their respective transfers of interest, both entities filed for bankruptcy. (Doc. 8-2 at 23, ¶ 72.) That bankruptcy case was subsequently converted into a liquidation proceeding in 2008, and effective August 1, 2008, all of New Century and NC Capital Corporation's remaining assets were transferred to a Liquidation Trustee. (Id.)

Despite these transfers, from and after January 26, 2007, Deutsche purported to be the holder of Plaintiff's Mortgage and Note, which it acquired as trustee of the Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("MSABS Trust") from an entity known as "Morgan Stanley ABS Capital I, Inc." (Doc. 8-2 at 22, ¶ 70.) In October 2008, RCO transmitted an assignment document to a person employed by an agent

of Deutsche, who executed the assignment of Plaintiffs' Mortgage to Deutsche on behalf of New Century as its "1st Vice President." (Doc. 8-2 at 24, ¶ 75.) The assignment document was recorded on October 22, 2008. (Doc. 8-2 at 24, ¶ 76.)

Plaintiffs maintain that upon New Century and NC Capital Corporation's transfer of assets to the Liquidation Trustee on August 1, 2008, New Century and NC Capital Corporation no longer had any right, power, or authority to act with respect to those assets, and therefore, the October 2008 assignment of Plaintiffs' Mortgage from New Century to Deutsche is void. (Doc. 8-2 at 22, 24, 26, ¶¶ 72, 75, 83.) Thus, according to Plaintiffs, Deutsche was not the mortgagee or the mortgagee's successor as contemplated and required by HRS Chapter 667, and therefore, Defendants engaged in unfair and deceptive act or practices in violation of HRS Chapter 480 in foreclosing upon Plaintiffs' Property. (Doc. 8-2 at 22, 26-27, ¶¶ 70, 84, 87.)

The Complaint does not cite any federal statute or law, nor do Plaintiffs argue that their asserted right to relief depends on the resolution of a substantial question regarding bankruptcy law or any other federal law. Plaintiffs merely argue that the original mortgagee filed for bankruptcy in federal court and pursuant to filing for bankruptcy, the original mortgagee transferred all of its assets to a liquidation trustee. Thus, I find that Plaintiffs' claims do not implicate federal

18

issues significant enough to confer subject matter jurisdiction over this case. See Grable, 545 U.S. at 314.

In sum, I find the Court does not have diversity jurisdiction nor does it have federal question jurisdiction over this case, and therefore, it is recommended that Plaintiffs' Motion for Remand be GRANTED IN PART inasmuch as it seeks a remand of this case to State Court.[8]

## III. Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). (Doc. 8 at 35.) Section 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding attorneys' fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

In this case, Deutsche removed the case under diversity jurisdiction and

---

[8] Based on the above finding and recommendation, the Court need not address Plaintiffs' further claims regarding the untimeliness of Deutsche's Notice of Removal and the failure of Defendants Wong and RCO to join in Deutsche's Notice of Removal. (See Doc. 8 at 33-35.)

19

federal question jurisdiction. (Doc. 1 at 3, ¶ 5.) Although I ultimately find that the Court does not have either diversity jurisdiction or federal question jurisdiction over this case, Deutsch presented an objectively reasonable basis for seeking removal of this case. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065. Therefore, I recommend the Plaintiffs' Motion for Remand be DENIED IN PART with respect to Plaintiffs' request for fees and costs incurred as a result of the removal.

## CONCLUSION

For the foregoing reasons, I find and recommend the Plaintiffs' Motion for Order of Remand (Doc. 8) be GRANTED IN PART and DENIED IN PART. Specifically, I recommend remanding this case to State Court and denying Plaintiffs' request for attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 24, 2014.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Willie V. Aguinaldo, et al. v. Derek W.C. Wong, et al., Civ. No. 14-00388 DKW-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ORDER OF REMAND.